IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VONNIE D. WARE ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-10-1378-C |
| | ) | |
| LANGSTON UNIVERSITY; | ) | |
| BOARD OF REGENTS FOR | ) | |
| LANGSTON UNIVERSITY; | ) | |
| DR. JO ANN HAYSBERT, | ) | |
| PRESIDENT OF LANGSTON | ) | |
| UNIVERSITY; | ) | |
| RODERICK SMOTHERS, Ph.D., | ) | |
| VICE PRESIDENT; and | ) | |
| CHARLES KING, Director of Equal | ) | |
| Employment Affirmative Action, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed the present action, asserting claims of discrimination. According to Plaintiff, she was discriminated against based on her race, age, and gender, in violation of 42 U.S.C. § 2000e et seq. ("Title VII"); 42 U.S.C. § 1981; Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA); and the common law of the State of Oklahoma. Specifically, Plaintiff raises a claim for negligent infliction of emotional distress under Oklahoma law. Defendants Haysbert, Smothers, and King have filed a motion to dismiss all the claims in the lawsuit against them. In addition, all Defendants seek dismissal of any claims brought pursuant to 42 U.S.C. § 1981, the ADEA, and Oklahoma state law.

Defendants argue that Plaintiff's § 1981 claim cannot prevail because such claims are barred by the Eleventh Amendment. Plaintiff does not dispute Defendants' arguments, but

asserts that she did not bring a § 1981 claim. The Court accepts that Plaintiff perhaps did not intend to bring a 42 U.S.C. § 1981 claim and that she is now willing to disavow any such claim; however, in her Complaint she stated that the action arose under, among other things, 42 U.S.C. § 1981. Accordingly, Defendants were well advised to challenge that claim, by asserting their Eleventh Amendment immunity. In light of Plaintiff's assertions that she does not intend to pursue such claim, Defendants' motion will be granted on this issue.

Defendants Haysbert, Smothers, and King next argue that they cannot be sued under the other federal statutes, such as Title VII, and ADEA, nor can they be sued under state law for intentional infliction of emotional distress. Plaintiff does not respond to Defendants' arguments related to Title VII or the ADEA. Rather, she again notes that she withdraws those claims against these Defendants. After review of the arguments raised by Defendants Haysbert, Smothers, and King, and consideration of the law cited by them, the Court finds they are entitled to dismissal of Plaintiff's claims brought against them.

All Defendants challenge Plaintiff's right to bring an ADEA claim, again arguing that such a claim is barred by the Eleventh Amendment to the United States Constitution. As the Tenth Circuit held in <u>Migneault v. Peck</u>, 204 F.3d 1003 (10th Cir. 2000), a university is immune from an action brought pursuant to the ADEA. Because the State of Oklahoma has not waived its Eleventh Amendment immunity, Plaintiff's claims under the ADEA are barred and the motion of all Defendants to dismiss the ADEA claim will be granted.

Defendants Haysbert, Smothers, and King argue they cannot be sued as individuals for Plaintiff's state law claim for intentional infliction of emotional distress. According to

these Defendants, the Oklahoma Governmental Tort Claims Act, 51 Okla. Stat. § 151 et seq. ("OGTCA"), bars an action against a public employee who is acting within the scope of his employment. Defendants argue that the Complaint does not allege any action by Defendants Haysbert, Smothers, or King that could be considered to be outside the scope of their employment, and therefore they are immune from liability with regard to the tort claim. In response, Plaintiff argues that she has pled claims which, if proven, would establish that Defendants were not acting in good faith.

Defendants' quest for dismissal hinges upon whether or not the claims brought by Plaintiff occurred while the individual Defendants were acting within the scope of their employment. Because this issue arises only under the Oklahoma tort law claim, it is appropriate to examine Oklahoma law for resolution. In <u>Nail v. City of Henryetta</u>, 911 P.2d 914, 918, 1996 OK 12 ¶ 13, the Oklahoma Supreme Court stated "[t]he question of whether an employee has acted within the scope of employment at any given time is normally a question for the jury, except in cases where only one reasonable conclusion can be drawn from the facts." This is one of those exceptional cases.

Plaintiff seeks to recover for the negligent infliction of emotional distress. By definition, negligence claims are based on a lack of malicious or willful conduct and thus there is no allegation that the actor was acting in bad faith. Thus, under the claims pled by Plaintiff, only one reasonable conclusion can be drawn, and that is that the actions of Defendants Haysbert, Smothers, and King were within the scope of their employment. Under Oklahoma law a government employee may be named as an individual defendant only

where the employee acted maliciously or in bad faith thereby taking their actions are outside the scope of employment. See Carswell v. Okla. State Univ., 995 P.2d 1118, 1123, 1999 OK 102, ¶ 13. Because Plaintiff's claim for relief, by definition, precludes malicious or bad faith conduct, the alleged wrongs of the individual Defendants necessarily occurred within the scope of their employment. Accordingly, Plaintiff's tort claims against Defendants Haysbert, Smothers, and King will be dismissed.

The remaining Defendants argue that Plaintiff's claim for negligent infliction of emotional distress should be dismissed because Plaintiff has failed to allege she suffered any physical injury. In Ellington v. Coca Cola Bottling Co. of Tulsa, Inc., 717 P.2d 109, 1986 OK 11, the court recognized that if the physical injury was produced or resulted from the mental anguish, recovery under negligent infliction of emotional distress was proper. Here, Plaintiff has alleged facts which, if proven, would establish that she suffered a physical manifestation of the emotional distress caused by Defendants' wrongdoing. Accordingly, Defendants' motion to dismiss the negligent infliction of emotional distress claim will be denied.

As set forth more fully herein, the Motion to Dismiss All Claims Against Defendants Haysbert, Smothers and King, and the 42 U.S.C. § 1981, ADEA and State Law Allegations Against All Defendants (Dkt. No. 10) is GRANTED in part and DENIED in part. Plaintiff's claims for violation of § 1981 and the ADEA are DISMISSED with prejudice as to all Defendants. Plaintiff's claims for violation of Title VII and the negligent infliction of

emotional distress is DISMISSED with prejudice as to Defendants Haysbert, Smothers, and King. In all other respects the Motion is DENIED.

IT IS SO ORDERED this 30th day of March, 2011.

ROBIN J. CAUTHRON
United States District Judge